IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EBRAHIM ADKINS,

    *Plaintiff,*

vs.

    Case No. 12-CV-4085-EFM

CAROLYN SIMMONS, et al.

    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Ebrahim Adkins, proceeding *pro se,* filed this action asserting that he is entitled to relief from sixteen various Defendants because he was admitted into a mental health hospital and consequently his social security benefits were withheld. Fifteen Defendants responded by filing Motions to Dismiss (Docs. 10, 37, 39, 41 and 47) for numerous reasons. Additionally, the Acting Commissioner of the Social Security Administration ("Administration") filed a Motion to Substitute (Doc. 49) asserting that she is the proper party to the suit instead of two other Administration employees, Carolyn Simmons and Cheryl Hainkel. For the reasons set forth below, the Court grants Defendants' Motions to Dismiss, as well as the Administration's Motion to Substitute.

    **I.**     **Factual and Procedural Background**

Plaintiff Ebrahim Adkins filed a Complaint, captioned "Writ of Mandamus," against sixteen defendants asserting that (1) his Social Security benefits were wrongfully temporarily

reduced and (2) he was wrongfully and willfully detained at a mental health hospital. Plaintiff's first claim centers around $320 of overpaid social security benefits that were returned by his former representative payee to the Administration and that Plaintiff then attempted to have returned to him. Plaintiff's second claim asserts that the overpayment occurred while he was at the Osawatomie State Hospital ("OSH") on two separate occasions for roughly two weeks on each occasion. Plaintiff seeks a mandate returning his $320 of overpaid benefits as well as injunctive relief, compensatory damages, and punitive damages. Fifteen Defendants have filed motions to dismiss for various reasons, including lack of subject matter jurisdiction, failure to state a claim, and failure to exhaust administrative avenues for relief.

## II. Analysis

### A. Legal Standard for *Pro Se* Litigants

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[1] A *pro se* litigant is entitled to a liberal construction of his pleadings.[2] If a court can reasonably read a *pro se* complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[3] However, it is also not the proper role of a district court to "assume the role of advocate for the *pro* se litigant."[4] As it relates to motions to dismiss generally, "the court accepts the well-pleaded allegations of the

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell proceeds *pro se*, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id.*

complaint as true and construes them in the light most favorable to the plaintiff."[5] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

### B. Motion to Substitute (Doc. 49)

In addition to their Motion to Dismiss, the Administration, and specifically Acting Commissioner Carolyn W. Colvin, filed a Motion to Substitute, seeking to substitute herself as a party in place of the two employees of the Administration listed in Plaintiff's Complaint, Cheryl Hainkel and Carolyn Simmons. Simmons was named in her official capacity (as Regional Commissioner) only. She resigned her position before commencement of the suit, and thus the current Regional Commissioner, Ken Powell, automatically substituted for Carolyn Simmons pursuant to Federal Rule of Civil Procedure 25(d).[7] Thus, the relevant proposed substitution before the Court is Acting Commissioner Colvin for Defendants Cheryl Hainkel and Ken Powell.

The Motion to Substitute is clearly appropriate, as the Act stipulates that "where any civil action . . . is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant."[8] The only way that the Act would not govern who should be party to the suit is if Plaintiff was suing Defendants Hainkel and Powell as individuals, regardless of their employment with the Administration. However, Plaintiff did not mention any individual actions taken by Defendants Hainkel or Powell in the Complaint and is suing because he believes that his social security benefits were wrongfully withheld. He is thus clearly suing

---

[5] *Ramirez v. Dept. of Corrections, Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office … The officer's successor is automatically substituted as a party … The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

[8] 20 C.F.R. § 422.210.

Defendants Hainkel and Powell in their official capacities and, as mentioned above, the governing statute stipulates that the person holding the Office of the Commissioner is the proper party. Plaintiff's Complaint wrongfully names the two employees of the Administration. Misjoinder, however, is not a cause for dismissal. According to Federal Rule of Civil Procedure 21, the Court may "on motion or on its own . . . add or drop a party."[9] Therefore, the Court grants the Administration's Motion to Substitute and Commissioner Colvin is substituted as a party in place of Defendants Hainkel and Powell.

### C. Defendants' Motions to Dismiss (Docs. 10, 37, 39, 41 and 47)

#### 1. Lack of Subject Matter Jurisdiction

Defendants Steve Ashcraft, Syed Akhter, Debra Dameron, Donna Schlaman, Norma Kiser, and Rebecca Westling ("OSH Defendants") (Doc. 39) and Defendant Judge Kathleen Lynch (Doc. 10) all filed motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[10] Additionally, a plaintiff "properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Federal Constitution or laws."[11] If a court does not have subject matter jurisdiction, then "the court must dismiss the action."[12] Mandamus is the method by which federal district courts, in certain circumstances,

---

[9] Fed. R. Civ. P. 21.

[10] 28 U.S.C. § 1331.

[11] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (quoting *Bell v. Hood*, 327 U.S. 678 (1946)).

[12] Fed. R. Civ. P. 12(h)(3).

can compel federal government officers to perform certain duties.[13] However, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."[14] Therefore, Plaintiff has the burden of showing that his "right to issuance of the writ is 'clear and indisputable.' "[15] Additionally, mandamus is available only to enforce ministerial acts, and thus Plaintiff also has the burden of showing the he is owed a "clear nondiscretionary duty."[16]

Plaintiff seeks to invoke federal mandamus jurisdiction under 28 U.S.C. § 1361 and state mandamus jurisdiction under K.S.A. § 60-801 regarding his claims. With regard to federal mandamus jurisdiction, a federal district court's "mandamus authority extends only to federal officials."[17] Here, Defendant Lynch and the OSH Defendants are all officials and employees of the State of Kansas. As such, none of them are "an officer or employee of the United States or any agency thereof," and thus the claims against them are deficient.[18]

With regard to state mandamus jurisdiction, Kan. Stat. Ann. § 60-801 grants Kansas state courts the authority to "compel some inferior state court, tribunal, board or . . . person to perform a specified duty." [19] It does not grant federal courts jurisdiction over state employees. Therefore,

---

[13] 28 U.S.C. § 1361.

[14] *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).

[15] *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953) (quoting *U.S. v. Duell*, 172 U.S. 576, 582 (1899)).

[16] *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 309 (1989).

[17] *See* 28 U.S.C. § 1361 ("The district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

[18] *Id.*; s*ee also Amisub (PSL), Inc. v. State of Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."); *Sockey v. Grey*, 159 Fed. Appx. 821, 822 (10th Cir. 2005) ("[F]ederal courts are without jurisdiction to grant a writ of mandamus against state and local officials.").

[19] K.S.A. § 60-801.

the Court has no authority to grant state mandamus jurisdiction over the OSH Defendants and Defendant Lynch.

Additionally, in regard to Defendant Lynch, who is the Kansas District Court Judge for the 29th Judicial District, there are other reasons to dismiss Plaintiff's claims. First, to the extent that Plaintiff seeks to recover money damages from Defendant Lynch for actions she took as a judge, she is protected by judicial immunity.[20] The U.S. Supreme Court has held that a judge is immune for actions taken in his or her judicial capacity unless such acts are taken in the complete absence of all jurisdiction.[21] Judicial immunity protects a judge from individual liability even if that judge acts in bad faith, with malice, or in excess of authority.[22]

Furthermore, the declaratory and injunctive relief that Plaintiff seeks against Defendant Lynch is barred by the Eleventh Amendment. The Eleventh Amendment generally prohibits suits in federal courts seeking declaratory and injunctive relief against states or those people or organizations that are arms of the state.[23] There are two exceptions to this prohibition. First, Congress may abrogate a state's Eleventh Amendment immunity, and second, a state may consent to be sued and thus waive its immunity.[24] Neither exception, however, applies in this case.

Finally, to the extent Plaintiff is seeking prospective relief against Defendant Lynch, such relief is barred by 42 U.S.C. § 1983, which states that "injunctive relief shall not be granted

---

[20] *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[21] *Id.*

[22] *Whitesel v. Sengenberger*, 22 F.3d 861, 867 (10th Cir. 2000).

[23] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1231-32 (10th Cir. 1999) (asserting that, if applicable, the Eleventh Amendment bars suits against both states and "arms of the state.").

[24] *Thompson v. Colorado*, 278 F.3d 1020, 1024-25 (10th Cir. 2001).

unless a declaratory decree was violated or declaratory relief was unavailable."[25] This language was added in the 1996 Federal Court Improvement Act's amendments to § 1983 for the express purpose of providing judges with immunity from suits seeking prospective injunctive relief.[26]

Accordingly, the Court grants Defendant Lynch's and the OSH Defendants' Motions to Dismiss.

## 2. Failure to State a Claim

Defendants Ben Mustain, Tonja Speer, Pete Zevenbergen, Steve Wallace and Maddie Waldeck, employees of The Wyandotte Center ("Wyandotte Defendants"), collectively filed a Motion to Dismiss for failure to state a claim (Doc. 41) upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Defendant Donald Ash filed a separate Motion to Dismiss (Doc. 37) also asserting failure to state a claim upon which relief may be granted under Rule 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim whereby the plaintiff has failed to state a claim upon which relief can be granted.[27] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[28] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[29] The plausibility standard reflects the requirement in Federal Rule of Civil

---

[25] 42 U.S.C. § 1983.

[26] *Lawrence v. Kuehold*, 271 Fed. Appx. 763, 766 n. 6 (10th Cir. 2008) (citing *Roth v. King*, 449 F.3d 1272, 1276 (D.C. Cir. 2006)).

[27] *See* Fed. R. Civ. P. 12(b)(6).

[28] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Iqbal*, 556 U.S. at 678.

[29] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

Procedure 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[30] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint but need not afford such a presumption to legal conclusions.[31] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[32] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[33]

It is unclear what claims Plaintiff has made against the Wyandotte Defendants. They are only loosely mentioned in connection to Plaintiff's hospitalization at Osawatomie State Hospital, which is a completely separate business from Wyandotte Center. Plaintiff never asserts that he was hospitalized or detained at Wyandotte Center, and he does not assert that any of the Wyandotte Defendants precipitated or caused his allegedly unlawful detainment. The only time Wyandotte Center is mentioned in Plaintiff's Complaint is when Plaintiff asserts that "illegal detainment must be reviewed my mom my witness there was no legal reason for hospitalization which was cruel and unusual punishment asserted by Wyandotte Center [sic] . . . ."[34] Plaintiff does not put forth any facts whatsoever in support of this conclusory statement, let alone facts that give rise to facial plausibility. Thus, it is impossible to even speculate as to the possibility of

---

[30] *See Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[31] *Iqbal*, 556 U.S. at 678-79.

[32] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Citation omitted)).

[33] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[34] Complaint, Doc. 1, p. 7.

wrongdoing by the Wyandotte Defendants. Plaintiff's claims are neither plausible nor even conceivable, and thus are deficient for failure to state a claim.

Plaintiff also fails to make a claim against Defendant Ash. Defendant Ash is not mentioned until the very end of Plaintiff's Complaint in the section titled "Requested Relief."[35] As noted above, the plausibility standard requires that defendants be made aware both of the nature of the claims against them and the grounds on which the claims rest.[36] In this case, Plaintiff made no specific claim against Defendant Ash. Consequently, no facts have been asserted showing grounds on which any claim against him rests. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[37] Because no claim and no supporting facts have been asserted against Defendant Ash, Plaintiff has failed to meet both the notice and plausibility components of the pleading standard.

Accordingly, the Court grants both Defendant Ash's and the Wyandotte Defendants' Motions to Dismiss.

### 3. Failure to Exhaust Administrative Remedies

The Administration filed a motion to dismiss (Doc. 47) under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction alleging that Plaintiff failed to exhaust his administrative remedies. Generally, the federal government and its agencies are immune from suit. In fact, "it is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[38] However, the right to sue in

---

[35] *Id.* p. 10.

[36] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

[37] *Twombly* 550 U.S. at 555, n.3.

[38] *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983).

certain circumstances has been created. If a statute creates the right to sue in specific circumstances, and in doing so provides the method and remedies available therein, then those particular stipulations govern.[39] Section 405(g) of the Social Security Act ("Act")[40] provides a right of action for complaints arising under the Act itself, and provides the methods and remedies available to the claimant.[41] As such, it governs the jurisdictional basis for judicial review.

Section 405(g) provides that cases arising under the Act must follow a particular appeal process until a "final decision of the Commissioner of Social Security."[42] Following that process and the final decision, an individual "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow."[43] Additionally, in the particular context of a complaint against the Social Security Administration, the Supreme Court has stated that mandamus is to be used to "provide a remedy for a plaintiff only if he has exhausted all other avenues of relief."[44] Thus, the common law and the governing statute are in agreement as to the pertinent issue in this case: has Plaintiff exhausted all avenues of relief as articulated by § 405(g) of the Act?

According to the parameters of the Act, Plaintiff has not. Ultimately, the "final decision" as required by § 405(g) is the decision by the Appeal's Council, either to deny an appeal of a decision by an administrative law judge, or an acceptance of the appeal and a ruling on the

---

[39] *See U.S. v. Babcock*, 250 U.S. 328, 331 (1919) ("[W]here a statute creates a right and provides a special remedy, that remedy is exclusive.").

[40] 42 U.S.C. § 401 *et seq.*

[41] *See* 42 U.S.C. § 405(g).

[42] *Id.*

[43] *Id.*

[44] *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

merits.[45] Plaintiff never sat before an administrative law judge, and thus had no decision to appeal to the Appeal's Council. Although Plaintiff appears to have signed the required form to appear before an administrative law judge, it is unclear whether that form was ever sent to the Administration. In any case, the Administration never received the form and thus no hearing before an administrative law judge took place. As a result, the required "avenues of relief" have not been exhausted by Plaintiff, and this Court does not have proper jurisdiction over the subject matter of Plaintiff's Complaint. Accordingly, the Court grants the Administration's Motion to Dismiss, including the substituted parties.

Therefore, Defendants' Motions to Dismiss (Docs. 10, 37, 39, 41 and 47) and the Administration's Motion to Substitute (Doc. 49) are granted.

Based on the foregoing reasons, the Motions to Stay Discovery filed by Defendant Kathleen Lynch (Doc. 29) and Defendants Cheryl Hainkel and Carolyn Simmons (Doc. 53) are denied as moot.

**IT IS ACCORDINGLY ORDERED** this 18th day of July, 2013, that the Motion to Dismiss filed by Defendant Kathleen Lynch (Doc. 10), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss For Failure to State a Claim filed by Defendant Donald Ash (Doc. 37), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants Steve Ashcraft, Syed Akhter, Debra Dameron, Donna Schlaman, Norma Kiser, and Rebecca Westling (Doc. 39), is hereby **GRANTED**.

---

[45] *See* 20 C.F.R. § 416.1481.

**IT IS FURTHER ORDERED** that the Motion to Dismiss For Failure to State a Claim filed by Defendants Ben Mustain, Tonja Speer, Pete Zevenbergen, Steve Wallace and Maddie Waldeck (Doc. 41), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss For Failure to State a Claim, Lack of Jurisdiction filed by Acting Commissioner of Social Security Carolyn W. Colvin (Doc. 47), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Substitute Party filed by Acting Commissioner of Social Security Carolyn W. Colvin (Doc. 49), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Stay Discovery filed by Defendant Kathleen Lynch (Doc. 29), is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Motion to Stay Discovery filed by Defendants Cheryl Hainkel and Carolyn Simmons (Doc. 53), is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE